UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RIGOBERTO MARTINEZ-TAPIA § | |
| § | |
| Plaintiff § | |
| VS. § | CIVIL ACTION NO. 7:14-CV-212 |
| § | Criminal Case No. 7:13-cr-1409 |
| UNITED STATES OF AMERICA § | |

## **OPINION AND ORDER**

Rigoberto Martinez Tapia ("Martinez") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1] The Government has responded with a motion to dismiss.[2] After considering the motion and applicable law, the Motion is DISMISSED.

I.  Procedural History and Relevant Facts

In August 2013, Martinez was indicted in a one count indictment of violating 8 U.S.C. § 1326.[3] He subsequently pled guilty and was sentenced to a 36 month term of imprisonment.[4] No term of supervised release was imposed.[5] Martinez did not appeal his conviction or sentence. On April 28, 2014, Martinez filed the motion now before the Court, asserting he should have received a lesser sentence. At the time Martinez filed this motion, he was serving the term of imprisonment imposed by this Court. According to the Bureau of Prisons' website, Martinez has now been released from federal custody. Therefore, before addressing the merits of Martinez's motion, the Court must consider whether it has become moot.

II.  Discussion

Title 28, United States Code, Section 2255 provides that a prisoner *in custody* who claims that his "sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."[6] Usually, 'custody' signifies incarceration or supervised release . . . ."[7] Here, the

---

[1] See Dkt. No. 1. "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will hereafter cite to the docket number entries in Criminal Case No. 7:13-cr-1409, rather than the filings in the civil case. Martinez has re-filed what appears to be the same motion, Dkt. No. 6.
[2] Dkt. No. 5.
[3] Dkt. No. 7.
[4] Dkt. No. 20.
[5] See Minute Entry dated January 28, 2014; and Dkt. No. 20.
[6] 28 U.S.C. § 2255(a)(emphasis added).
[7] *Pack v. Yusuff*, 218 F.3d 448, 454, n. 5 (5th Cir. 2000)("Both §§ 2255 and 2241 require that at the time a prisoner files a motion or petition, he must be 'in custody' for the conviction or sentence he wishes to challenge in order for the habeas court to have jurisdiction.")

record makes clear that Martinez was in custody when he filed his motion to correct sentence. Pursuant to Supreme Court precedent, a defendant's incarceration at the time of filing is all the 'in custody' provision of 28 U.S.C. § 2255 requires.[8] "The more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution. 'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit.'"[9] Where, as here, the defendant challenges only the sentence, not the underlying conviction, he must affirmatively allege and demonstrate collateral consequences.[10] Furthermore, such collateral consequences are not presumed.[11]

As previously noted, Martinez raises several grounds attacking the sentence he received. In none of those grounds does Martinez raise an issue pertaining to his conviction. As also noted, Martinez did not receive a term of supervised release. Martinez has fully discharged his sentence. Martinez has made no allegation, nor has he presented any facts to support a finding that he is suffering any collateral consequences.

III. Conclusion

Because Martinez has now been released from custody and he has made no affirmative showing that he continues to suffer any collateral consequences, his motion to correct sentence must be, and it is hereby DISMISSED. Additionally, should Petitioner seek a certificate of appealability, such is DENIED.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 21st day of April, 2017.

_____
Micaela Alvarez
United States District Judge

---

[8] See *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)("The District Court's conclusion that Spencer's release from prison caused his petition to be moot because it no longer satisfied the 'in custody'• requirement of the habeas statute was in error. Spencer was incarcerated by reason of the parole revocation at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.")
[9] *Id.* (Internal citations omitted.)
[10] *Id.* at 7-8.
[11] *Id.*